HENRY D. CRANE and ROBERT W. FORBES *v.* THOMAS R. HARDMAN.

Pleadings in the Marine and District or Justices' Courts are not necessarily so detailed and precise as required in other courts.

Matters of substance, stated in general terms, and aided by a bill of particulars which fully apprises the defendant of what is claimed, will suffice, at all events where no objection is made that the complaint lacks particularity.

A judgment will not be disturbed on the ground of the reception of immaterial testimony, where the ground of the alleged immateriality is that the fact intended to be proved thereby, is already sufficiently established by other evidence.

Where there is an agreement that a certain deposition, not taken *de bene esse*, may be read at the trial, the deposition may be read, although the witness is in court. Either party may call the witness, personally, for a further examination.

Evidence of statements made by the witness to a third person, relative to the contents of his deposition, should not be allowed by way of explanation at all; nor for the purposes of impeachment, without first examining him—he being in court—and giving him an opportunity to explain.

Where a running account is presented, with interest calculated to the day of such presentment, and the debtor admits its correctness, except as to speci-

Crane. v. Hardman.

fied items, and makes a payment on account; the creditor, upon afterwards proving the correctness of the account in respect to the items objected to, is entitled to interest from the time of presentment, upon the whole balance left unpaid.

A defendant cannot prove damages by way of recoupment, where no claim to recoup is set up in the answer.

It is not sufficient, on appeal, to produce a stipulation signed by the respective counsel before the trial, and which would have formed a proper basis for the admission of testimony which was in fact excluded, unless it appear that such stipulation was actually introduced and brought to the attention of the court at the trial.

THE complaint was exhibited in the Marine Court, and was "for two quarters' rent of premises in 29th street, ending 1st September, 1854, $100; and balance of account, $116 82, and interest." A bill of items was produced. The plaintiffs sued in their own right, and also as the successors and assignees of the interests of the firm of Wells & Crane, composed of one Thomas J. Wells and the plaintiff, Henry D. Crane. The claims in suit were founded upon a lease of premises, containing a covenant to furnish steam power, and also upon a bill rendered by the plaintiffs for lumber sold, and for services rendered by them and their predecessors, as proprietors of a planing, sawing and turning establishment.

The answer consisted simply of a general denial.

The cause came before this court on appeal from a judgment rendered below in favor of the plaintiffs. The grounds of appeal, and the facts relating thereto, appear sufficiently in the order of their discussion in the opinion.

*William R. Stafford*, for the defendant.

*Augustus E. King*, for the plaintiffs.

BY THE COURT. WOODRUFF, J.—The articles of copartnership, and the subsequent assignment by Wells, dated the 29th December, 1853, both of which were duly proved and given in evidence, were quite sufficient to establish the plaintiffs' title to whatever was due by the defendant to the firm, prior

to the last named date, and the plaintiffs were of course entitled to all the claims which subsequently accrued. The transfer was plainly of all the joint or partnership property, including the outstanding accounts or claims in action and other property. It is true that the plaintiffs in their complaint do not specify with technical precision the nature of their title, (whether as assignees in part of Wells or not,) but it was not necessary that they should do so. Pleadings in the Marine and Justices' Courts are not necessarily as detailed and precise as is proper in other courts. Matters of substance, stated in general terms, and aided by a bill of particulars, which fully apprises the defendant of what is claimed, will suffice; at all events, when no objection is made that the complaint lacks particularity.

1. If the objection that the agreement, intermediate the articles of partnership and the 29th December, 1853, were not sufficiently proved, had been persisted in, their rejection as evidence would have been proper, and so the court below ruled; but that objection appears to have been withdrawn, and the objection of immateriality only urged when they were last offered. I think they were properly received; they formed a part of the plaintiffs' title and the evidence of their relations as partners, and though I think enough was contained in the assignment of December 29th to entitle the plaintiffs to claim a recovery for the previous rent and goods sold, still these papers tended to the same result. If we were satisfied that they were purely immaterial, on the ground that the plaintiffs' title was sufficiently established without them, we could not reverse upon that ground.

2. The evidence of the use of a 14 inch saw by the defendant does not appear to have been offered or received for the purpose of enhancing the amount of the recovery; and so far as it tended to account for the apparent want of steam power, it was relevant and proper; it tended to show that the plaintiffs were not chargeable with neglect to furnish power to drive the saw of a lesser diameter, mentioned in the lease, in connection with evidence that it required "$\frac{1}{8}$ or $\frac{1}{4}$" more

power to drive a 14 inch saw. And this evidence was plainly proper, where the defendant insisted and attempted to prove that the power supplied by the plaintiffs was at times insufficient to drive the saws he used, and thereupon to insist that the plaintiffs had not furnished that for which the rent was reserved.

3. The deposition of Michael Crothy was read, not as a deposition taken *de bene esse,* but under an express agreement that it might be read. This stipulation was in writing, and nothing in the stipulation limited its effect to any particular day. If the witness was (as now not only conceded, but insisted upon by the defendant's counsel) in court, he might have called him for further examination had he so desired.

4. In relation to interest, the general rule is, that unliquidated accounts do not bear interest, unless there is evidence of a stipulated term of credit, or equivalent proof fixing a time when the amount is payable.

Here there was proof that the bill was rendered on the 14th June, 1854. Interest was charged thereon, as appears by the bill, to that date. The defendant admitted the bill to be correct, except as to certain other four items, and made a payment on account. This was quite sufficient to entitle the plaintiffs to interest from that day on the balance, on proof of the correctness of the bill in respect to the four items there objected to; and as to interest on the rent, the plaintiffs were entitled to interest from the day it became due.

5. The opinion of this court in the former appeal between the same parties, decided July, 1855, disposes of the question, what effect a summary dispossession has upon the landlord's claim for rent already become payable, and sustains the ruling of the court below on this trial. (*a*)

6. We cannot say that the defendant's evidence to prove damages by reason of the alleged failure to supply steam power, was improperly rejected. No such claim to recoup damages was set up in the answer, and, so far as the defend-

---

(*a*) See *ante,* p. 339.

ant sought to prove the fact that steam power was not supplied, (which was probably competent as tending to show that the rent was not due,) he was allowed to give that proof; but when he sought to prove his damages by way of recoupment, his failure to claim a recoupment of damages in his answer was a sufficient reason for rejecting the evidence.

We are not a little embarrassed by the manner the return herein is sought to be amended, and after amendment, further partially corrected with qualifications, reservations and denials annexed, but it seems, according to what we judge to be the effect of all these, that the stipulation referred to, and which seems to have been originally designed to let in proof of damages sustained by the defendant, was not in fact introduced on the trial, and if not, we cannot reverse for error, since the court committed no error. If the defendant's counsel had a stipulation which might have the effect to enlarge the pleadings, but did not think proper to use it, (peradventure because it also contained something favorable to the plaintiffs,) he cannot now complain that the court below ruled as they ought not, and probably would not have ruled, had the stipulation been produced and read.

7. There was no error in excluding the evidence of Crothy's explanation of his testimony, given to the defendant's counsel after his deposition was taken. It is conceded by the appellant that he was present in court, and he should have been called and examined, and his declarations or explanations obtained from himself; that was the best and proper evidence, if explanation was the object in view. If the object was to impeach by contradiction, then, he being in court, should have been first examined, and his attention called to the alleged declarations, that he might himself explain them, if he could consistently with his other evidence.

8. The agreement submitted in relation to the sufficiency and weight of the evidence must be disposed of by saying that the evidence was doubtful or conflicting in regard to the four disputed items of account, and when that appears, we

deem the finding of the court below conclusive. This applies to all the questions of fact relating to the due performance of the contract of letting by the plaintiffs also.

But in reference to the payment of fifty dollars by Rafferty to the plaintiff, Crane, it seems to me the court were not warranted in rejecting it. Indeed, the respondent's counsel, in his argument, seems to concede that the proof was sufficient, and, in truth, that the money was paid; but he suggests that that was applied by the plaintiffs to arrears of rent on some previous quarter. This view fails for two reasons: the proof is that it was paid upon this account, then in the hands of the plaintiffs' attorney; and, second, there is not the slightest evidence that any previous rent was in arrear. The witness is wholly uncontradicted and unimpeached; and I can discover no ground for depriving the defendant of the benefit of that payment.

I am, therefore, constrained to say, that the sum of fifty dollars, and interest thereon, should be deducted from the judgment; and the judgment should be affirmed for the residue without costs on appeal to either party.

Adjudged accordingly.